Alan D. MACLEAN and Francis D. Maclean, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16472.

United States Court of Appeals Ninth Circuit.

March 9, 1960.

Ernest R. Mortenson, Pasadena, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Helen A. Buckley, I. Henry Kutz, Loring W. Post, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge.

This is an action for the refund of federal estate taxes. The question involved in this case is the includability in decedent's gross estate of the value of the corpus of a certain trust.

The district court had jurisdiction of this matter under Title 28 U.S.C.A. § 1346(a) (1). Notice of appeal was timely filed, and jurisdiction is conferred on this Court by Title 28 U.S.C.A. § 1291.

The findings of fact of the district court were based upon the pleadings, stipulation of facts, and the exhibits attached thereto, concerning which there is no dispute between the parties.

The appellants are the executors of the estate of Elizabeth Beatrice Maclean, deceased, who died testate on February 20, 1954. The appellants as executors filed an estate tax return showing no tax due and payable. Thereafter the district director of internal revenue assessed a deficiency of $69,045.27. The amount of the deficiency plus interest in the amount of $8,630.66, or a total of $77,675.93, was paid by the appellants. A claim for refund of the amount paid was filed and rejected, which resulted in the institution of the present action. Following the trial based upon the pleadings, stipulations of fact and exhibits, the district court entered judgment in favor of appellee.

On January 12, 1923, the decedent executed a trust indenture by which decedent conveyed the corpus of the trust to John Alexander Maclean, her husband, as trustee. The entire net income of the trust estate, consisting of securities, was reserved to decedent for her life. The decedent reserved the right to revoke the trust during the life of her husband with his consent, such provision reading as follows:

"Said Elizabeth Beatrice Maclean hereby expressly reserves the right of revoking this indenture during the life of said John Alexander Maclean and with his consent only, either in whole or in part by notice in writing to the Trustee and in case of such revocation said trust estate, or the portion thereof as to which this indenture may be revoked, shall be reconveyed by the Trustee to said Elizabeth Beatrice Maclean, free from all the trusts herein contained."

The trust indenture further provided that in case of the death or resignation for any reason of John Alexander Maclean then the Northern Trust Company, an Illinois corporation, should be the trustee with like powers.

Other pertinent provisions of the trust indenture are:

"In case of the death of said Elizabeth Beatrice Maclean before the death of John Alexander Maclean, then, upon her death this trust shall cease and the entire principal of the trust estate, together with any unpaid net income therefrom, shall

immediately be and become the absolute estate of said John Alexander Maclean, free from all the trusts hereunder.

"In case of the death of said Elizabeth Beatrice Maclean after the death of said John Alexander Maclean, then, upon her death this trust shall cease with the entire principal of the trust estate, together with any unpaid net income therefrom, shall be conveyed, transferred and assigned as said Elizabeth Beatrice Maclean may direct under her Last Will and Testament, and in case she makes no disposition thereof by a valid will then the same shall be conveyed, transferred and assigned to her descendants then living, per stirpes and not per capita. In case the Trustee has no notice of a valid will of said Elizabeth Beatrice Maclean within three months after her death he shall be fully protected in acting upon the assumption that she made no testamentary disposition of said trust estate."

On May 27, 1931, in pursuance of and in compliance with the right of revocation contained in the trust indenture the decedent expressly revoked the trust with the consent of John Alexander Maclean. The instrument of revocation reads as follows:

"The Northern Trust Company,

"Acting under the right reserved under an Indenture of Trust from the undersigned, Elizabeth Beatrice Maclean to John Alexander Maclean, as Trustee, dated January 12, 1923, and by and with the approval of her husband, John Alexander Maclean, the undersigned Elizabeth Beatrice Maclean does hereby elect to revoke said Indenture of Trust dated January 12, 1923, and hereby directs John Alexander Maclean as Trustee thereunder to transfer all of the property now held under said trust to a new trust created by the undersigned Elizabeth Beatrice Maclean with The Northern Trust Company, Trustee, of even date herewith.

"In Witness Whereof the undersigned Elizabeth Beatrice Maclean has hereunto signed her name and John Alexander Maclean has also signed his name to evidence his approval of this revocation all this 27th day of May, 1931.

"/s/ Elizabeth Beatrice Maclean
John Alexander Maclean."

On May 27, 1931, decedent executed a trust indenture naming The Northern Trust Company as trustee. The corpus of this trust was the securities of the revoked trust. Under this latter instrument decedent reserved to herself the entire net income of the trust estate. This trust was revocable by the decedent with the consent of her husband, who died February 19, 1941, at which time the trust became irrevocable. Other pertinent provisions of this trust are:

"The entire net income from the trust estate shall be paid to Elizabeth Beatrice Maclean during her life, and from and after her death such net income shall be paid to John Alexander Maclean, husband of Elizabeth Beatrice Maclean during the balance of his lifetime.

"Upon the death of both Elizabeth Beatrice Maclean and John Alexander Maclean the trust estate shall be divided into two equal parts and be held for the benefit of Francis D. Maclean and Alan D. Maclean, sons of Elizabeth Beatrice Maclean and John Alexander Maclean, during their respective lives.

"Upon the death of each of said sons after the trust fund has been set apart for his benefit, then said trust fund shall be held or distributed as such deceased son may have directed in and by his Last Will and Testament and in the absence of such direction shall go to his surviving descendants per stirpes and not per capita, and if there be none then the same shall be added to the fund of the remaining son if he still be living and if not shall go to the descendants of the remaining

son then living per stirpes and not per capita.

"In case either of said sons should die prior to the death of the one last surviving of Elizabeth Beatrice Maclean and John Alexander Maclean then the one-half share of the trust estate which would have been set apart for said son if living shall go to the descendants, if any, of said deceased son then living, per stirpes and not per capita, and if there be none shall be added to the share of the remaining son or if he likewise shall have died then the same shall go to the descendants of the remaining son then living, per stirpes and not per capita."

This latter trust was in existence at the date of decedent's death on February 20, 1954.

The pertinent statutes involved are:

Internal Revenue Code of 1939:

" § 811.  Gross estate.

" The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\*     \*     \*     \*     \*     \*

" (c) [as amended by Sec. 7(a), Act of October 25, 1949, c. 720, 63 Stat. 89] *Transfers in Contemplation of, or Taking Effect at, Death.*

" (1) [as amended by Sec. 207, Technical Changes Act of 1953, c. 512, 67 Stat. 615] *General rule.*  To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

\*     \*     \*     \*     \*     \*

" (B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom;

\*     \*     \*     \*     \*     \*

"Subparagraph (B) shall not apply to a transfer made before March 4, 1931; nor shall subparagraph (B) apply to a transfer made after March 3, 1931, and before June 7, 1932, unless the property transferred would have been includible in the decedent's gross estate by reason of the amendatory language of the joint resolution of March 3, 1931 (46 Stat. 1516). \* \* \* " 26 U.S.C. 1952 ed. § 811.

Joint Resolution of March 3, 1931, c. 454, 46 Stat. 1516:

"Chap. 454.—Joint Resolution To amend section 302 of the Revenue Act of 1926.

" *Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,* That the first sentence of subdivision (c) of section 302 of the Revenue Act of 1926 is amended to read as follows:

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, including a transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth."

Appellant's first contention is that the only transfer made by decedent occurred on January 12, 1923, at the time of the creation of the first trust above mentioned, that the second trust mentioned was simply a modification of the first trust and that the transfer to the second trust was made by the trustee under the first trust to the trustee under the second trust and not by decedent. From such premise appellants argue that the value of the corpus of the second trust is not includible in the gross estate of decedent because the transfer was made prior to March 3, 1931, and therefore such transfer must be excluded from the gross estate of the decedent under Section 811(c) (1) (B) of the Revenue Code of 1939. We find this contention to be without merit. An examination of the two trust agreements establishes that the trust agreement dated May 27, 1931 is not a modification or mere continuation of the earlier trust agreement of January 12, 1923. The two trust agreements differed in significant respects. In the earlier trust agreement the husband of the decedent was the trustee. In the latter trust agreement the Northern Trust Company was the trustee. In the earlier trust agreement the trust assets were to go to decedent's husband should he survive decedent. In the latter trust agreement the net income was to go to decedent's husband for life, remainder to be held for the benefit of two sons for life, each portion thereupon to be subject to the sons' testamentary disposition or lacking such disposition to his surviving descendants per stirpes. The power of the trustee as to sales was more restricted in the latter trust agreement. The findings of fact of the trial court that the latter trust agreement created a new trust; that the same was not a continuation in modified form of the earlier trust; that the latter trust agreement differed in its terms from the earlier trust agreement and constituted a separate, distinct and different trust, are amply supported by the record.

Appellants' argument that the appellee is foreclosed from the contention that the decedent made a transfer after March 4, 1931 by the stipulation of fact that "the corpus of said trust created January 12, 1923 was transferred by John Alexander Maclean directly to the Northern Trust Company, trustee on May 27, 1931" is equally without merit. The instrument of revocation of the earlier trust agreement executed by decedent, and in which her husband joined, directed her husband to transfer the property held under the earlier trust agreement "to a new trust created by the undersigned Elizabeth Beatrice Maclean with The Northern Trust Company, Trustee, of even date herewith." It is clear that the trustee-husband conveyed title to the corpus to the new trustee as a result of decedent's express command. It is clear to us that in following this "short cut" method decedent's husband simply acted as agent of the decedent and not independently of the commands and directions of the decedent.

■ Appellant's final contention is that without the consent of the contingent beneficiaries decedent and her husband could not voluntarily by their own act terminate the earlier trust agreement of 1923 except in strict compliance with the reserved power of revocation contained in the trust agreement. Appellants argue that because the corpus was not reconveyed by the husband-trustee to the decedent the reserved power of revocation was not properly exercised, and therefore the earlier trust agreement could be revoked only with the consent of the contingent beneficiaries. Appellants do not question the reserved power of the decedent, with the consent of her husband, to revoke the earlier trust agreement. The instrument of revocation, executed by decedent, consented to by decedent's husband, states that the decedent "does hereby elect to revoke said Indenture of Trust dated January 12, 1923." It must be borne in mind that the revocation of the earlier trust agreement and the creation of the new trust agreement occurred on the same day, and apparently as separate steps of a plan consented to by decedent's husband to

revoke the earlier trust agreement and create a new one. Clearly the husband-trustee conveyed the property to the new trustee under the specific direction and command of the decedent and as her agent and instrumentality to accomplish such purpose. We are convinced from the entire record that the transfer was made by decedent to a new trust created by the decedent. The district court was fully justified in its conclusion that "Said trust in existence at the date of decedent's death was the result of a transfer in trust made by the decedent after March 4, 1931, within the meaning of Section 811(c) (1) (B) of the Internal Revenue Code of 1939, as amended, and within the meaning of the Joint Resolution of Congress of March 3, 1931 (46 Stat. 1516)." The judgment of the district court is affirmed.